UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINA PALMA,<br>　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>CITY OF NEW YORK; and NYPD OFFICERS JOHN AND JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as their true names are presently unknown),<br><br>　　　　　　　Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>21-CV-6872 |

1.　　Plaintiff Nina Palma ("Plaintiff"), through her attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY") and NYPD Police Officers JOHN and JANE DOE 1 through 10 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under the federal laws and Constitution of the United States of America.

## NATURE OF THE ACTION

2.　　This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

3.　　This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth

Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff resides in the County of Kings, in the City and State of New York, where all of the events pertinent to this action.

8. Defendant CITY is a municipal corporation organized under the laws of the State of New York. Defendant CITY is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

9. NYPD Police Officers JOHN and JANE DOE 1 through 10, at all pertinent times, were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law. Defendants JOHN and JANE DOE 1 through 10 are sued in their individual and official capacities

10. Plaintiff presently does not know the true names and shield numbers of defendants JOHN and JANE DOE 1 through 10.

## **FACTS**

11. Plaintiff is 95 year-old woman who lives in Kings County in the City and State of New York.

12. At the time of this incident, Plaintiff had never been arrested or charged with any crime by police in any jurisdiction.

13. On October 9, 2020, at about 4:30 p.m., Plaintiff was lawfully present inside her residence at 128 Lake Street, Brooklyn, New York, 11223.

14. At said time and place, Defendant NYPD Police Officers JOHN and JANE DOE 1 through 10 responded to an incident at same.

15. Plaintiff was not in any way involved in the incident to which said Defendants were responding.

16. Said Defendants did not question or otherwise interact with Plaintiff regarding said incident.

17. Said Defendant NYPD Police Officers entered Plaintiff's residence through the front door.

18. At the time, Plaintiff was seated in a chair in the same room where said Defendants entered (i.e., the room with the front door).

19. Without cause or reason, said Defendants told Plaintiff, in sum and substance, that she needed to go to the hospital, and that they were going to transport her there.

20. Plaintiff replied that she did not need to go to the hospital for any reason; and that it was her desire for them not to take her to the hospital.

21. Despite Plaintiffs clear, verbal communication of such to said Defendant

NYPD Police Officers responded that they were going to do so, and physically took hold of Plaintiff.

22. Plaintiff asked them what they were doing and reiterated that she did not need to go to the hospital, and that she desired to instead remain in her home.

23. Ignoring the wishes of this 95 year-old woman – and despite the fact that this was during the COVID pandemic – said Defendant NYPD Police Officers physically and forcefully grabbed Plaintiff.

24. Said aggressive actions by Defendants caused severe and painful bruising to Plaintiffs arms and hands.

25. Plaintiff was thus physically injured by said excessive force perpetrated by said Defendants.

26. Said Defendants lifted Plaintiff out of the chair in which she was seated, without any probable cause, consent or privilege, and strapped Plaintiff to a stretcher, thereby falsely arresting her.

27. Additional to suffering physical injury, Plaintiff was severely emotionally traumatized by said illegal actions by these Defendant NYPD Police Officers.

28. Said emotionally injuries are ongoing and permanent.

29. As a 95 year-old woman, Plaintiff also feared for her life due to said illegal actions.

30. Plaintiff also feared for her life due to the high risk of contracting COVID at the hospital.

31. Despite her constant protests, Defendants continued to keep Plaintiff restrained in the stretcher, wheeled her out of her home, and transported her to Coney Island

Hospital.

32. Plaintiff was examined by physicians at the hospital.

33. The physicians finding nothing physically wrong with her – except for the aforementioned physical injuries just caused by Defendants – Plaintiff was discharged about an hour later, at approximately 6:00 p.m.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

34. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

35. As a result of all aforementioned conduct by the herein-named Defendant NYPD police officers ("Defendant Officers"), Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by Defendant Officers, without any probable cause, privilege or consent.

36. As a direct and proximate result of the foregoing, these Defendant Officers deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and other physical restraints without probable cause.

37. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

38. Plaintiff suffered physical discomfort, excruciating pain, fear for her life, ongoing/continuing mental and emotional torment, and public humiliation and embarrassment.

39. These Defendant Officers carried out the aforementioned acts under color of state law.

40. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which these Defendant Officers are individually liable.

41. These actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

42. These Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### Excessive Force under 42 U.S.C. § 1983.

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

44. The degree of force used by Defendant Officers was excessive, unreasonable and unwarranted.

45. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

46. Said Defendants carried out the aforementioned acts under color of state law.

47. This brutal and excessive use of force against Plaintiff was committed by Defendant Officers without any provocation, justification, or privilege, and deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which Defendant Officers are individually liable.

48. As a result of the excessive force and brutality used by Defendant Officers, Plaintiff has endured and continues to endure severe emotional pain and suffering.

49. As a direct and proximate result of the excessive force used against Plaintiff, Plaintiff suffered extreme physical pain and discomfort; physical injuries; ongoing mental and emotional pain; and public humiliation and embarrassment.

50. All of the aforementioned acts of Defendant Officers constituted excessive force in violation of the Constitution of the United States and said Defendant Officers are liable for said severe pain and severe injuries.

51. Defendant Officers are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## THIRD CLAIM
## Municipal Liability under 42 U.S.C. § 1983.

52. Plaintiff repeats and re-alleges every allegation contained in the paragraphs above as if fully set forth herein.

53. All of the aforementioned actions and failures to act committed by DEFENDANTS deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

54. The acts of the individual Defendant Officers complained of herein were committed while they were carrying out their official duties as police officers, detectives or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

55. The acts of the individual Defendant Officers complained of herein were

committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

56. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD include flagrant disregard for the rights of citizens to be free from false arrest not based upon probable cause, and from the use of wantonly brutal excessive force against them.

57. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

58. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

60. Defendant Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

61. Defendant Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

62. Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of

persons in its domain who suffer violations of the right to freedom from false arrest and from use of excessive force, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

63. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-protected rights, including, *inter alia*, the right:

   a. To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

   b. To be free from being subjected to brutal and excessive force in an unprovoked assault by police officers; and

   c. To be free from deprivation of liberty without due process of law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against Defendant Officers, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.

Dated:     December 13, 2021
           New York, NY


                                        Respectfully,

                                        _____

                                        **Law Office of Joe Stancati**
                                        305 Broadway, 7th Floor
                                        New York, NY 10007
                                        212-858-9205
                                        joe@stancati-law-nyc.com

                                        *Attorney for Plaintiff*